IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-CR-332 (ACR) |
| : | |
| NAHVARJ MILLS, : | |
| : | |
| Defendant. : | |
| : | |

**MOTION IN OPPOSITION TO GOVERNMENT'S MOTION FOR LEAVE TO ADMIT EVIDENCE OF OTHER CRIMES PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) AND TO IMPEACH DEFENDANT WITH PRIOR CONVICTIONS PURSUANT TO FED.R.EVID. 609**

NOW COMES, the Defendant, Mr. NAHVARJ MILLS, by and through his counsel, Brian K. McDaniel and The Cochran Firm CDCRS in opposition to the government's request for leave to admit evidence of other crimes pursuant to Fed. R. Evid. 404(b) and to impeach defendant with prior convictions pursuant to Fed. R. Evid. 609.

## BACKGROUND

Mr. Mills is currently before the court charged in a Twenty-Seven Count Superseding Indicted with 1.) Cyberstalking in Violation of a Protection Order, in violation of Title 18, United States Code, Section 2261A(2)(B) and 2261(b)(6), 2.) Cyberstalking, in violation of 18 United States Code Section 2261A(2)(B), 3.) Interstate Stalking in Violation of a Protection Order, in violation of Title 18 United States Code, Sections 2261A(1)(B) and 2261(b)(6),. 4.) Interstates Stalking in Violation of a Protection Order-Emotional Distress, use of a Dangerous Weapon, in violation of Title 18 U.S.C., Sections 2261 A(1)(B), 2261(b)(3) 5.) Interstate Stalking in Violation of a Protection Order-Bodily Injury, Emotional Distress, Use of a Dangerous Weapon, in violation of Title 18 U.S.C. Sections 2261A(1)(A), 6.) Interstate Stalking in Violation of a Protection Order-Bodily Injury,

Emotional Distress, Use of a Dangerous Weapon, in violation of Title 18, U.S.C. Sections 2261 A(1)(A), 7.) Interstate Violation of a Protection Order, in violation of title 18 U.S.C. Section 2262(a)(1), 8.) Interstate Violation of a Protection Order, use of a Dangerous Weapon in violation of Title 18 U.S.C. Sections 2262(a)(1), (b)(3), 9.) Interstate Violation of a Protection Order, use of a Dangerous Weapon, in violaton of Title 18, U.S.C. Section 2262(a)(1), (b)(3), 10.) Interstate Violation of a Protection Order, use of a Dangerous Weapon, in violation of Title 18 U.S.C. Sections 2262(a)(1), (b)(3), 11.) Interstate Domestic Violence, Use of a Dangerous Weapon in violation of Title 18 U.S.C. Sections 2261(a)(1) and (b)(3), 12.) Unlawful Possession of a Firearm and Ammuniction by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One year, in violation of Title 18 U.S.C., Section 922(g)(1), 13.) Unlawful Possession of a Firearm and Ammunition for a Term Exceeding One Year, in violation of Title 18, U.S.C., Section 922(g)(1), 14.) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, U.S.C. Section 922(g)(1), 15.) Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to, or Possessing a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, U.S.C. Sections 924(c)(1)(A)(ii) and (iii), 16.) Interstate Communications with Intent to Extort, in violation of Title 18, U.S.C. Section 875(d), 17.) Assault With Intent to Kill While Armed, in violation of 22 D.C. Code Sections 401, 4502, 18.) Assault With a Dangerous Weapon, in violation of 22 D.C. Code, Section 402, 19.) Assault With a Dangerous Weapon in violation of 22 D.C. Code, Section 402, 20.) Assault With a Dangerous Weapon, in violation of 22 D.C. Code Section 402, 21.) Possession of a Firearm During a Crime of Violence, in violation of 22 D.C. Code, Section 4504(b), 22.)

2

Possesion of a Firearm During a Crime of Violence, in violatin of 22 D.C. Code, Section 4504(b), 23.) Posssession of a Firearm Duirng a Crime of Violencce in violation fo 22 D.C. Code Section 4504(b), 24.) First Degree Unlawful Publication, in violation of 22 D.C. Code, Section 3053 (a), 25.) First Degree Unlawful Publication, in violation fo 22 D.C. Code, Section 3053(a), 26.) First Degree Unlawful Publication, in violation of 22 D.C. Code, Section 3053 (a) and 27.) First Degree Unlawful Publication.

The Government alleges that throughout January of 2024 Mr. Mills participated in a number of acts which were intended to threaten or assault the purported victim identified in the indictment only by her initials M.J.. Upon information and belief the Government, during it's presentation to the Grand Jury in this matter, proffered that Mr. Mills was either responsible for or facilitated shooting upon or near the home of M.J. on January 21, 22, and 23 of 2024. Additionally, the Government asserted that Mr. Mills was responsible for the distribution of sensitive photographs on or near the home of M.J. or by way of electronic device on January 6, 11, 19 adnn 20 of 2024.

In Count 2 of the Superseding Indictment, the Govenrment alleges a separate "campaign" of stalking against a separate purported victim identified therein by her initials T.G..

The Government now seeks to admit a several categories of evidence under the rubric outlined in the caselaw considering the admission of "other crimes evidence" in the body of the trial of this matter. Mr. Mills objects to each of these items of evidence identified in the Government's motion as Exhibits A-J.

## ARGUMENT

I.  **Rule 404(b) Evidence.**

3

The government should not be permitted to use the purported Rule 404(b) evidence as "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *See Fed. R. 404(b)*. The proposed evidence is not being offered by the government as proof of motive, knowledge, intent, absence of mistake, opportunity or preparation, rather it is being offered in an impermissible attempt to prove that the Defendant is of a bad character and that he acted in conformity therewith. Additionally, the permissive presentation of the alleged other crimes evidence (given the nature of the same) would be unfairly prejudicial. Accordingly, the government's motion should be denied.

**Governing Legal Principles:**

The Court must engage in a multi-step process to determine whether the proffered Rule 404(b) evidence should be admitted. First, the Court must determine whether there is "sufficient evidence to support a finding by the jury that the defendant committed the similar act" – in other words, that a reasonable jury could conclude that the alleged "other acts" occurred. See *Huddleston v. United States*, 485 U.S. 681, 683, 685 (1988). Second, the Government is required to state the purpose for which it intends to introduce the Rule 404(b) evidence; the Court must then determine whether the evidence is being offered for a legitimate purpose. *See, e.g. United States v. Mitchell, 49 F.3d 769, 775 (D.C. Cir. 1995); United States v. Merriweather*, 78 F.3d 1070, 1073 (6th Cir. 1996). Third, if the government clears both of these hurdles, the Court must determine under Rule 403, whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *Mitchell*, 49 F.3d at 775; *Merriweather*, 78 F.3d at 1073.

**Discussion:**

4

A.  **The Allegations Attending Defendant's Prior Criminal Contacts Bear No Relationship To The Instant Charges and Should Not Be Admitted.**

Evidence of defendant's prior contacts and/or conviction will not support some permissible employ by the jury in this matter. The government seeks to present evidence of Mr. Mills alleged prior possession of firearms and the manipulation of ammunition on days and at locations separate from the alleged firearm offenses in this case which took place on specific days identified in the Superseding Indictment as January 21, 22 and 23 of 2024. In exhibits A,B,D, E,F, G, I and J. All of these exhbits with the exception of Exhibit F are from dates which are not the aforementioned dates upon which the alleged assaults by fireams took place. These prior alleged criminal acts do not speak to the defendant's knowledge or specific intent to participate in the acute acts of violence alleged by the Superseding Indictment. Instead these prior contacts speak only to the defendant's alleged past behavior and the presumption that he acted in conformity with said past behavior in relation to this case. These matters bear "no relevance to any material issue in the case except [as] to show the likelihood that, having once fallen into sin a second slip is likely." *United States v. James*, 181 U.S. App. D.C. 55; 55 F.2d992, 998(1977). For these reasons the purported "[r]ebuttal evidence of the Defendant's threats to Publish Sexually explicit photos and videos of A.B." should be likewise premptively precluded.

Furthermore, "evidence of prior wrongful behavior is always prejudicial to a defendant. It not only risks that the jury may infer guilt simply on the basis that the accused has committed wrongful acts, but it diverts the jury's attention from the question of the defendant' responsibility for the crime charged to the improper issue of his bad character." *Campbell v. United States*, 450 A.2d 428. (1982).

The Court in *Ali v. United States*, 520 A.2d 306 (1987) held that "if there is no

5

inference of specific plan in the accused's mind which interconnects the uncharged and charged acts, then the other crimes evidence is offered for nothing other than the accused's propensity to commit a series of similar but discrete bad acts."

This evidence, if allowed, will be highly prejudicial in nature and may cause extreme prejudice in the minds of the jurors.

Once evidence of prior crimes reaches the jury, it is most difficult, if not impossible, to assume continued integrity of the presumption of innocence. A drop of ink cannot be removed from a glass of milk. For this reason, it has long been the rule in this jurisdiction that evidence of a defendant' other crimes is presumptively inadmissible with the burden on the prosecutor to rebut this presumption. *Robinson v. United States*, 623 A.2d 1234 (U.S. 1993).

The government's mere incantation of one or more exceptions to allow for "prior acts" to be admitted, will not function by itself as the "open sesame" that allows in other crimes evidence. Instead courts must look at the evidence sought to be introduced "with a jaundiced eye. *Id.*

More particularly, in order for the trial court to admit other crimes evidence under one of the exceptions, (1) there must be clear and convincing evidence that the defendant committed the other offense; (2) the other crimes evidence must be directed to a genuine, material and contested issue in the case; (3) the evidence must be logically relevant to prove this issue for a reason other than its power to demonstrate criminal propensity; and (4) the evidence must be more probative than prejudicial. While decisions about the admission of other crimes evidence are committed to the sound discretion of the trial court, the court must exercise its discretion in accord with these rules, and the record must reveal a

6

sufficient evidentiary basis for the court's decision." *Id*. Here the Government has failed to satisfy any of the requirements necessary to admit the other crimes evidence that they seek to introduce.

In the instant case, particularly given the inflammatory nature of the alleged prior bad acts, the risk of incurable error involved in admitting such evidence as conditionally relevant is too great, regardless of what a limiting instruction might state. Accordingly, the 404(b) evidence should be disallowed.

**B.    The Prior Bad Acts of the Defendant Should Not be Admitted Under Rule 403.**

It is highly likely that a jury here would give the other crimes alleged excessive weight by concluding that Mr. Mills must have participated in the alleged illegal activit alleged in the Superseding Indictment because he purportedly possessed and/or manipulated firearms or was depicted wearing clothing similar to that which was worn by the assailant who was captured on video distributing the sensitive information. Indeed, given the nature of the prior offenses there is the very real possibility that jurors may decide that they simply do not like Mr. Mills or that he should not be allowed to remain in the community because he had previously possessed firearms which, standing alone, would not be appropriate grounds upon which to find his guilt in this matter. As such this evidence is far more prejudicial than probative and should therefore be disallowed.

**II.    Rule 609 Evidence.**

**A.    Discussion**

A defendant's prior convictions generally are inadmissible as evidence of his conduct on the occasion in question. Fed. R. Evid. 404. The defendant has been charged with Cyber Stalking and a number of firearms related offenses. The nature of these alleged

7

crimes do not involve dishonesty or false statements. If the government were to use the defendant's prior convictions, they would only serve as an attempt to prejudice the jury, not to prove guilt related to the matter before the court. Moreover, Mr. Mills does not have any prior conviction for a felony and his prior convictions do not involve an act of dishonesty.

The government relies on Fed. R. Evid 609(a)(1) which allows the defendant to be impeached with evidence of a criminal conviction, but only if the conviction was for a crime involving dishonesty or false statement, or for a felony for which the defendant was convicted. In addition, the evidence is only admitted if the court determines that the probative value of admission outweighs its prejudicial effect to the accused. Rule 609(a)(1) also authorizes impeachment by convictions for crimes that do not involve dishonesty or false statements if the witness was convicted of a crime that is punishable by death or imprisonment in excess of one year. A balancing test will reveal that the probative value of the convictions as credibility evidence do not outweigh the prejudicial effect upon the accused.

The courts consider a number of factors in balancing the probative value of an impeaching conviction against the danger of unfair prejudice. Some of the factors are particular to the situation where the accused is the witness, as that is where the unfair prejudice is most acute. Several courts of appeals have endorsed the following five-factors test. *U.S. v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993); *U.S. v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990):

(1)     The more the crime seems related to veracity, the greater the probative value. *U.S. v. Hayes*, 553, F.2d 824, 827-28 (2d Cir. 1977). (Drug smuggling more probative

8

of credibility than is drug possession). The nature of the convictions here do not relate to veracity which in turn does not support their probative value.

(2) Crimes committed during youth or long ago may have less bearing on the witness's present character. *U.S. v. Pritchard*, 973 F.2d 905, 909 (11th Cir. 1992). Fed. R. Evid. 609(b) states that "evidence of conviction of more than (10) ten year as calculated herein, is not admissible…" Rule 609)b) mandates a more stringent balancing test for convictions that are at least ten years old. A remote conviction is admissible only if the court makes a finding supported by specific facts and circumstances that the probative value of the conviction substantially outweighs its prejudicial effect. The balancing factors are the same as those employed in making a Rule 609(a)(1) determinations, See *U.S. v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990), but the stringent balancing test effectively creates a presumption against admissibility. See Pritchard at 908. The time frame for measuring the ten-year time limit begins with the date of conviction or the date of the witness' release from any confinement imposed for that conviction, whichever is later. Time spent on probation or parole is not considered confinement. As such the defendant's 1988 and 1991 convictions should be considered impermissibly remote. The prejudice of the prior convictions substantially outweighs any probative value.

(3) The similarity of the previous offense poses a greater risk of prejudicial effect without concomitantly enhancing its probative value as evidence of untruthful character. *U.S. v. Sanders*, 964 F.2d 295, 297-98 (4th Cir. 1992).

(4) The court should consider both the risks that the defendant will be deterred from taking the stand by the fear that the jury will learn of his past convictions and the

need for his testimony to support his/her theory of the case. See *Pritchard* at 909. The defendant is aware that his 5th amendment rights allow him to refrain from testifying on his own behalf or to avoid any potential self-incrimination. However, the defendant and the law enforcement officers were the only witnesses present at the time of the interaction which is in dispute. As such, the defendant's testimony is critical to his defense. However, if the defendant is aware that his prior convictions may be brought out during his testimony, he may be reluctant to testify. There is some difference between witnesses in regard to the risk to which they may be exposed. " A defendant-witness runs the risk that evidence offered by way of impeachment will be used by the jury to a material extent as the basis for conviction, notwithstanding reasonable doubt as to responsibility in the case at bar, because of the human temptation to shut away a "bad Man."" *Davis v. United States*, 133 U.S. App. D.C. 167 (1969).

(5)   The need for full exploration of credibility is greatest when the case boils down to a swearing match between witnesses. See *Pritchard* at 909. Even if there is a need to challenge the credibility of a witness, it must not be obtained in a way in which there is a greater danger of prejudice to the accused than the probative value of the evidence.

The Court in *Brown v. Davis*, 125 U.S. App. D.C. 220 (1996) held that:

> While prior convictions might have some bearing on credibility, the trial court is not bound…. to permit impeachment in every case. There may well be cases where the trial judge might think that the cause of truth would be helped more by letting the jury hear the defendant's story than by the defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction. Some considerations that might be relevant in exercising that discretion are, the nature of the prior crimes, the length of the

10

>criminal record, …. **and above all, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction.**

Mr. Mills should be able to testify as to his version of the events which ultimately resulted in his arrest without being placed in fear of testifying due to the potential admission of his prior conviction. As such, the proposed 609 impeachment evidence should not be allowed.

Rule 609(a) states that a prior conviction shall be admitted, but only if the felony meets certain conditions; and Rule 609(b) provides that certain prior convictions are not admissible unless the court determines that the interest of justice will be served. Rule 609(b) carves out a specific class of prior convictions that would otherwise be admissible under Rule 609(a), but are declared to be inadmissible unless additional conditions are met. *U.S. v. Lewis*, 626 F.2d 940 (1980).

The government may offer to instruct the jury to limit the use by which it considers evidence of a prior conviction. This does not sufficiently protect the defendant from the prejudice which is intended to be avoided. The operative question is "how much", and how will anyone account for the amount. The defendant's prior convictions should be excluded because of the high risk of prejudice. "In the face of seriously prejudicial evidence, curative instructions, particularly those buried within the charge-in-chief at the end of trial, are of minimal worth." *Clark v. United States*, 639 A.2d 76 (1993).

WHEREFORE, counsel requests that this Honorable Court deny any Request for Leave to Admit 404(b) evidence or to Impeach Defendant with his Prior Conviction Pursuant to Fed. R. Evid. 609.

Respectfully Submitted,

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.
The Cochran Firm CDCRS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793
bkmassociates@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 12TH day of November a copy of the foregoing Motion in Opposition to The Use of 404(b) and 609 evidence was served upon government counsel by ECF.

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.

12