## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 24-CR-332 (ACR)** |
| | : | |
| **NAHVARJ MILLS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## RENEWED MOTION FOR JUDGMENT OF AQUITTAL OR IN THE ALTERNATIVE FOR MISTRIAL

NOW COMES, the Defendant, Mr. NAHVARJ MILLS, by and through his counsel, Brian K. McDaniel and The Cochran Firm CDCRS requesting that this Court grant a mistrial in this matter as certain information which was not relevant to the charges for which Mr. Mills was on trial was admitted into evidence, thereby causing unfair prejudice to the presentation of his defense. Mr. Mills had previously objected to the testimony of witnesses Ms. Greene and Ms. Morrison, but this testimony was allowed into evidence and worked a great prejudice to the jury's consideration of the counts which related to the allegations surrounding Mr. Mills interaction with Ms. Johnson (MJ). Additionally, the government entered into evidence a revolver firearm which was located in the address which the govenmrent associated with Mr. Mills, although this firearm had been located in a room and in an area which was controlled by the grandfather of Mr. Mills. The jury was allowed to adopt the inference that Mr. Mills was in possession of his grandfather's firearm on the date upon which Ms. Johnson alleged that he possessed a revolver during an alleged assault. This tetstimony should not have been allowed and it's admission resulted in an unfair inference being drawn by the jury. As such Mr. Mills requests that this court grant a mistrial in this matter and order the case dismissed.

**BACKGROUND**

In a weeks long trial Mr. Mills was prosecuted in accordance with the Twenty-Seven Count Superseding Indictment charging him with 1.) Cyberstalking in Violation of a Protection Order, in violation of Title 18, United States Code, Section 2261A(2)(B) and 2261(b)(6), 2.) Cyberstalking, in violation of 18 United States Code Section 2261A(2)(B), 3.) Interstate Stalking in Violation of a Protection Order, in violation of Title 18 United States Code, Sections 2261A(1)(B) and 2261(b)(6),. 4.) Interstates Stalking in Violation of a Protection Order-Emotional Distress, use of a Dangerous Weapon, in violation of Title 18 U.S.C., Sections 2261 A(1)(B), 2261(b)(3) 5.) Interstate Stalking in Violation of a Protection Order-Bodily Injury, Emotional Distress, Use of a Dangerous Weapon, in violation of Title 18 U.S.C. Sections 2261A(1)(A), 6.) Interstate Stalking in Violation of a Protection Order-Bodily Injury, Emotional Distress, Use of a Dangerous Weapon, in violation of Title 18, U.S.C. Sections 2261 A(1)(A), 7.) Interstate Violation of a Protection Order, in violation of title 18 U.S.C. Section 2262(a)(1), 8.) Interstate Violation of a Protection Order, use of a Dangerous Weapon in violation of Title 18 U.S.C. Sections 2262(a)(1), (b)(3), 9.) Interstate Violation of a Protection Order, use of a Dangerous Weapon, in violaton of Title 18, U.S.C. Section 2262(a)(1), (b)(3), 10.) Interstate Violation of a Protection Order, use of a Dangerous Weapon, in violation of Title 18 U.S.C. Sections 2262(a)(1), (b)(3), 11.) Interstate Domestic Violence, Use of a Dangerous Weapon in violation of Title 18 U.S.C. Sections 2261(a)(1) and (b)(3), 12.) Unlawful Possession of a Firearm and Ammuniction by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One year, in violation of Title 18 U.S.C., Section 922(g)(1), 13.) Unlawful Possession of a Firearm and Ammunition for a Term Exceeding One Year, in violation of Title 18, U.S.C.,

Section 922(g)(1), 14.) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, U.S.C. Section 922(g)(1), 15.) Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to, or Possessing a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, U.S.C. Sections 924(c)(1)(A)(ii) and (iii), 16.) Interstate Communications with Intent to Extort, in violation of Title 18, U.S.C. Section 875(d), 17.) Assault With Intent to Kill While Armed, in violation of 22 D.C. Code Sections 401, 4502, 18.) Assault With a Dangerous Weapon, in violation of 22 D.C. Code, Section 402, 19.) Assault With a Dangerous Weapon in violation of 22 D.C. Code, Section 402, 20.) Assault With a Dangerous Weapon, in violation of 22 D.C. Code Section 402, 21.) Possession of a Firearm During a Crime of Violence, in violation of 22 D.C. Code, Section 4504(b), 22.) Possesion of a Firearm During a Crime of Violence, in violatin of 22 D.C. Code, Section 4504(b), 23.) Posssession of a Firearm Duirng a Crime of Violencce in violation fo 22 D.C. Code Section 4504(b), 24.) First Degree Unlawful Publication, in violation of 22 D.C. Code, Section 3053 (a), 25.) First Degree Unlawful Publication, in violation fo 22 D.C. Code, Section 3053(a), 26.) First Degree Unlawful Publication, in violation of 22 D.C. Code, Section 3053 (a) and 27.) First Degree Unlawful Publication.

During the trial the jury heard from three purported victims in the persons of T.G., M.J., and A.M.. Each of thes witnesses told variations of the recounting of their relationships with Mr. Mills, their understanding of Mr. Mills relationship with the others and their interaction with eachother. Prior to the trial Mr. Mills objected to the testimony of A.M. and requested that the counts in the indictment wich related to T.G.  be severed and made part of a separate trial. Curiously, Mr. Mills was not charged originally in the

United States District Court for the District of Columbia but had been charged in the Superior Court with the assaultive behavior alleged as against the puroported victim M.J.. Procedurally, and once Mr. Mills did not agree to enter into a plea agreement with the government, the 27 count superseding indictment was returned in the Federal Court thereby prolonging the period of time that he would be incarcerated prior to his trial in this matter.

## ARGUMENT

As a general proposition, the government should not be permitted to use Rule 404(b) evidence as "[e]vidence of other crimes, wrongs, or acts as it is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *See Fed. R. 404(b)*.  The trial of Mr. Mills was replete with testimony which was only unfairly prejudicial and not relevant to the counts in his indictment. In addition, the testimony of the civilian wittnesses was unreliable and should have been rejected by this court is not by the jury.

**The Testimony of M.J. was not reliable.**

The testimony of the witness M.J. should first be considered in the context of the testimony of her sister Lashaunia Johnson. Lashaunia Johnson testified that she was in the home on January 21st when she purportedly saw and or heard the presence of the M6 BMW which was associated with Nahvarj. This was supported the by the testimony of MJ who testified that she saw the M6 BMW on the same day, even when it is that the cooperating witness, Devin Roberts, testified that the Defendant had driven his truck to the area on that same day. Lahaunia also testified that she was upstairs in the home with MJ on December 30th when MJ alleges that Nahvarj pointed a firearm, specifically a revolver, at her head and then ran down the stairs. Lashaunia testified that she did not ever see Nahvarj in the

possession of any firearm on the 30th. This is particularly important as the court considers the testimony regarding the firearm which law enforcement asserts was located in the basement of the home which was searched in connection with their investigation. Additionally, MJ and the lead detective acknowledged that MJ provided three separated accounts regarding what purportedly happened on the day when the revolver was allegedly brandished.

**The Evidence of the Revolver Should not Have been Admitted.**

During the trial, the defense objected to the admission of testimony related to the recovery of the revolver firearm from the home of Mr. Mills Grandmother and Grandfather. The revolver was located in the basement of the home in an area which was designated by law enforcement has having been the room belonging to Mr. Mills Grandfather, Mr. Jack Cales. (See Affidavit of Mr. Cales as Exhibit 1 attached hereto). The basis for the objection related to the testimony regarding the location of the revolver and the admission of the physical gun was the absence of any connection between the firearm and any of the criminal acts alleged in the indictment. In fact when asked whether or not she recognized the revolver as being the revolver that she alleged Mr. Mills possessed on the Decemer 30th date, the witness M.J. tetstified that she did not recognize the firearm, nor could she testifty that it was the firearm which she had testified she had seen on that date. As a result, the firearm was admitted for no other reason but to suggest that Mr. Mills had access to a firearam that there was no evidence that he possessed. In fact the information on the record supported a finding of the opposite. There was no objective evidence (fingerprints or DNA) which

connected the firearm to Mr. Mills. The Defendant also testified that he did not know about the presence of the firearm in the home and that he had never possessed the firearm.[1]

This evidence was not offered by the government as proof of motive, knowledge, intent, absence of mistake, opportunity or preparation, rather it was offered in an impermissible attempt to prove that the Defendant is of a bad character and that he acted in conformity therewith.

**The Other 404(b) evidence should not have been allowed.**

### A.    The Allegations Attending Defendant's Prior Criminal Activtivty with the Other purported victims was more prejudicial than probative.

Both Angel Hodges Morrison and Taylor Greene testified to other assaultive behvior on the part of Mr. Mills which proved to be more prejudicial than probative of the charges for which he was on trial. Prior to the beginning of trial Mr. Mills petitioned this Court to sever the counts related to his interaction with Taylor Greeme from those allegations with which he was originally charged in the Superior Court for the District of Columbia, which related exclusively to the purported victim M.J.. The allowance of the maintenance of this count and the testimony surrounding the same resulted in testimony, and consideration of the same by the jury, of incidents that did not even occur in the District of Columbia. This evidence was only tangentially related to the charges which related to the victim M.J. and should not have been allowed in this matter. This testimony resulted in unfair prejudice to Mr. Mills.

"[E]vidence of prior wrongful behavior is always prejudicial to a defendant. It not only risks that the jury may infer guilt simply on the basis that the accused has committed

---

[1] Mr. Mills Grandfather has submitted an affidavit confirming that the revolver fieram was his and that Nahvarj Mills was not aware of its presence or location in the home.

wrongful acts, but it diverts the jury's attention from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." *Campbell v. United States*, 450 A.2d 428. (1982).

The Court in *Ali v. United States*, 520 A.2d 306 (1987) held that "if there is no inference of specific plan in the accused's mind which interconnects the uncharged and charged acts, then the other crimes evidence is offered for nothing other than the accused's propensity to commit a series of similar but discrete bad acts."

**WHEREFORE**, counsel requests that this Honorable Court  order a mistrial in this matter or in the alternative grant a motion for judgment of acquittal.

Respectfully Submitted,

/s/Brian K. McDaniel_____
Brian K. McDaniel, Esq.
The Cochran Firm CDCRS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 − 0793
bkmassociates@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 24th day of March  a copy of the foregoing Motion for Judgment of Acquittal  was served upon government counsel by ECF.

/s/Brian K. McDaniel_____
Brian K. McDaniel, Esq.