UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NAHVARJ MILLS<br><br>Defendant. | Criminal Case No. 24-cr-332 (ACR)<br>Judge Ana C. Reyes |

**MEMORANDUM OPINION**

On December 19, 2024, after a two-week trial, a jury found Defendant Nahvarj Mills guilty on 24 of 27 counts. Defendant was convicted of, among other things, cyberstalking, unlawful possession of a firearm, assault with a dangerous weapon, and unlawful publication. *See* Dkt. 54. Defendant was acquitted on three charges: Interstate Domestic Violence on or about January 23, 2024; Discharging a Firearm During and in Relation to a Crime of Violence on or about January 23, 2024; and Assault with Intent to Kill on or about January 23, 2024. *Id.* at 6–8.

Three months later, on March 24, 2025, Defendant filed a Renewed Motion for a Judgment of Acquittal, or in the alternative, for Mistrial. *See* Dkt. 68. This Court heard argument on the Motion on May 8, 2025. Defendant offered three bases for the Motion: (1) that the testimony of M.J.—one of Defendant's victims—was unreliable and contradicted by other witness testimony; (2) that a revolver recovered from the home of Defendant's grandparents should not have been admitted into evidence; and (3) that other 404(b) evidence should not have been admitted, including evidence about Defendant's behavior toward two other victims, A.M. and T.G. *See id*. at 4–7.

1

The Court was, and remains, unpersuaded. It entered an Order on July 9, 2025, denying the Motion. The bases for the Order are below.

### A. Renewed Motion for a Judgment of Acquittal

#### 1. *The Renewed Motion for a Judgment of Acquittal is Untimely*

Federal Rule of Criminal Procedure 29 requires defendants to file any renewed motion for judgment of acquittal within 14 days of the verdict. Fed. R. Crim. P. 29(c)(1). Because the verdict was announced on December 19, 2024, Defendant needed to make any motion by January 2, 2025. Yet Defendant did not file this Motion until March 24, 2025. Defendant's motion is 80 days late and thus untimely. The Court could therefore deny Defendant's Motion on that basis alone. But, even if the Court looked to the merits of Defendant's argument, the Motion would still fail.

#### 2. *The Motion for a Judgment of Acquittal Lacks Merit*

A Judgment of Acquittal is appropriate when "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In reviewing a motion, the court "must view the evidence in the light most favorable to the Government giving full play to the right of the jury to determine credibility, weigh evidence, and draw justifiable inferences of fact." *United States v. Treadwell*, 760 F.2d 327, 333 (D.C. Cir. 1985) (cleaned up). Moreover, courts "must presume that the jury properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983). Granting a motion for a judgement of acquittal is only appropriate when "a reasonable juror must necessarily have had a reasonable doubt as to the defendant's guilt." *United States v. Weisz*, 718 F.2d 413, 437 (D.C. Cir. 1983). And when the motions are made

after a verdict, the court must give "tremendous deference to [the] jury verdict." *United States v. Long*, 905 F.2d 1527, 1576 (D.C. Cir. 1990).

Defendant's Motion first asserts that a Judgment of Acquittal should be granted because "[t]he Testimony of M.J. was not reliable." Dkt. 68 at 4. To support this view, Defendant points to the (allegedly) contradictory testimony of Lashaunia Johnson and Devin Roberts. *Id.* at 4–5. But credibility determinations are squarely in the purview of the jury. *See Treadwell*, 760 F.2d at 333. The Court cannot and thus will not insert its evaluation of the evidence in place of the jury's wide latitude to weigh evidence and make reasonable inferences therefrom.

M.J.'s testimony was not so inconsistent as to make it such that no reasonable juror could have reached the verdict it did given the other evidence, which was, to put it mildly, extensive. Defendant argues that M.J.'s testimony should be discredited because she testified that she saw Defendant's car outside her home on the day he threatened her with a gun. Mr. Roberts, however, testified that Defendant was driving Mr. Roberts' truck on that day. It is entirely possible that neither witness is lying, but rather that someone was misremembering the incident or wrong about what they saw. And having another witness testify to a different recollection does not make M.J.'s testimony inconsistent; she consistently testified at trial that she saw Defendant's car that day. M.J.'s sister, who was home that day, also testified that she saw Defendant's car. A reasonable juror could have believed M.J. and her sister over Mr. Roberts, or a reasonable juror could have believed that Mr. Roberts was merely mistaken. Or a reasonable juror could have found Defendant guilty on the December 30 charge without taking the car into account at all, based solely on M.J.'s account of her interaction with Defendant. Defendant's first argument thus fails.

Defendant next argues that he renews his objection made at trial that the evidence of the revolver located in Defendant's grandparents' house was inadmissible because it constituted "an impermissible attempt to prove that the Defendant is of a bad character[.]" Dkt. 68 at 5–6. Defendant made no such objection at trial. *See* Tr. II (Dec. 10, 2024) at 46. But even if he had, this argument is flawed for two reasons: (1) the Government used the revolver as corroborative evidence as to Defendant's ability to access a firearm generally and not as to his character; and (2) any reasonable juror could have convicted Defendant on all 24 guilty counts without considering the gun evidence at all. Notably, the jury found Defendant *innocent* on three out of the four counts that required it to conclude that the Defendant used a firearm in connection with his other crimes. The only one on which the jury found him guilty was the Assault with a Dangerous Weapon charge from his December 30 encounter with M.J. Even if the government had not produced any gun at trial, a reasonable juror could have believed M.J.'s testimony that on that day, Defendant had access to a gun and used it to threaten her. And none of the other 23 counts involve Defendant's possession of a gun. Defendant's second argument fails.

Defendant finally asserts that the testimony of A.M. and T.G. regarding "other assaultive behavior" by Defendant was "more prejudicial than probative of the charges for which he was on trial" as it was "only tangentially related to the charges which related to the victim M.J." Dkt. 68 at 6. This argument is essentially Defendant's prior Motion to Sever repackaged. The Court has broad deference in considering severance. *United States v. Lewis*, 626 F.2d 940, 945 (D.C. Cir. 1980). For the reasons explained in the Court's oral judgment previously, given the interconnectedness of Counts One and Two and the government's evidence for each, the Court does not find the challenged testimony to be unfairly prejudicial. Of course, if by "prejudicial,"

4

Defendant means that the evidence weighed strongly against him, then the Court would agree. But this is not the standard for exclusion.

The argument is flawed on its own merit for three reasons. First, the testimony was not evidence of Defendant's prior wrongful behavior. Each witness's testimony concerned acts for which Defendant was on trial. Second, even if some of the testimony was of past behavior, evidence is not inadmissible merely because it is prejudicial. Instead, courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." FRE 403. The probative value of A.M. and T.G.'s testimony was very high, and the Court finds that it significantly outweighed any danger of unfair prejudice. Third, Defendant had full opportunity to cross-examine the witnesses. This argument thus also fails.

Finally, Defendant's argument is essentially that A.M.'s and T.G.'s testimony was unreliable. To no great surprise, Defendant believes the jury reached the wrong verdict. But nowhere does Defendant assert that there is "*no* evidence upon which a reasonable juror might fairly conclude guilty beyond a reasonable doubt." *United States v. Sutton*, 2023 WL 8472628, at *4 (D.D.C. Dec. 6, 2023) (cleaned up). The Court cannot step into the role of the juror as the weigher of the evidence. Nor can the Court ignore the "vast range of reasonable inferences from [the] evidence" that the jury may have found persuasive. *Long*, 905 F.2d at 1576. To the contrary, the Court is required to draw all inferences in favor of the Government. *Treadwell*, 760 F.2d at 333.

Even if the Court took all of Defendant's arguments as true, its Motion does not persuade that, drawing all inferences in favor of the Government, the evidence Defendant does not challenge was insufficient for a reasonable jury to conclude guilt on the 24 guilty counts. Accordingly, the Court DENIES Defendant's Renewed Motion for a Judgment of Acquittal.

B. **Motion for Mistrial**

While the D.C. Circuit has not taken a clear stance on post-verdict Motions for a Mistrial, other courts widely agree that mistrials must be declared *before* a jury enters its verdict. *See, e.g.*, *United States v. Alvarez-Moreno*, 657 F.3d 896, 900 (9th Cir. 2011). This Motion came 80 days following the jury's verdict, and thus it is untimely and accordingly DENIED.[1]

Timeliness notwithstanding, Defendant advances the same arguments in its alternative Motion for Mistrial that he does in his Motion for Judgment of Acquittal. *See* Dkt. 68. Here, as there, Defendant fails to persuade. "A mistrial is a severe remedy—a step to be avoided whenever possible, and one to be taken only in circumstances manifesting necessity therefor[.]" *United States v. Foster*, 557 F.3d 650, 655 (D.C. Cir. 2009) (cleaned up). For the reasons set forth above, Defendant has failed to articulate any impermissible prejudice against him or procedural error that would create manifest necessity warranting that severe remedy. The Court thus DENIES the Motion for Mistrial.

Defendant's Motion boils down to discontent. Discontent with the Court's decisions regarding severance and admissibility of evidence, and discontent with the jury's evaluation of

---

[1] While some courts have converted post-verdict Motions for a Mistrial into a Motion for a New Trial under Rule 33 of the Federal Rules of Criminal Procedure, *see, e.g.*, *Williams v. Lisath*, 2015 WL 13722597, at *3 (N.D. Ohio Dec. 23, 2015), this Court need not construe it as such given that doing so would still render it untimely. S*ee* Fed. R. Crim. Proc. Rule 33 (requiring Motions for a New Trial to be made within 14 days of a verdict). Further, Motions for New Trials may only be granted if "the interest of justice so requires." *Id.* "Whether to grant a new trial is 'committed to the sound discretion of the trial judge,'" *United States v. Machado-Erazo*, 986 F. Supp. 2d 39, 44 (D.D.C. 2013) (quoting *United States v. Reese*, 561 F.2d 894, 902 (D.C. Cir. 1977)), and demonstrating that a new trial is "in the interest of justice" is a burden placed on the defendant, *United States v. Mangieri*, 694 F.2d 1270, 1285 (D.C. Cir. 1982). Defendant has not offered any reasons that granting a new trial in this instance is in the interest of justice.

that evidence. These are issues that may be taken up on appeal under the appropriate standards of review but do not suffice to grant his Motions for a Judgment of Acquittal or a Mistrial.

## CONCLUSION

The Court therefore **DENIES** Defendant's Renewed Motion for a Judgment of Acquittal, or in the alternative, for Mistrial, Dkt. 68.

**Date:** August 21, 2025

_____
Ana C. Reyes
U.S. District Judge