# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

Case No. 24-cr-332 (ACR)

NAHVARJ ELLIJAH RAY MILLS, Defendant

## DEFENDANT'S PRO SE MOTION TO DISQUALIFY AND RECUSE JUDGE ANA C. REYES

## PURSUANT TO 28 U.S.C. §§ 144 AND 455

### (Hybrid / Limited Pro Se Filing)

## LIMITED PRO SE / HYBRID REPRESENTATION STATEMENT

Defendant is currently represented by counsel. This Motion is filed pro se for the limited purpose of seeking disqualification of the presiding judge pursuant to 28 U.S.C. §§ 144 and 455, because Defendant's counsel has declined to file a § 144 affidavit or motion despite Defendant's express, repeated requests to do so.

This filing is limited solely to the issue of judicial disqualification and is necessary to preserve Defendant's constitutional right to an impartial tribunal. Defendant does not seek to proceed pro se generally.

## INTRODUCTION

Defendant Nahvarj Ellijah Ray Mills respectfully moves for the disqualification and recusal of Judge Ana C. Reyes pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a) and (b)(1).

This Motion is supported by Defendant's Affidavit of Nahvarj Ellijah Ray Mills, filed contemporaneously herewith, which sets forth specific, sworn facts demonstrating personal bias, prejudice, and circumstances under which Judge Reyes's impartiality might reasonably be questioned.

**RECEIVED**

DEC 16 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## LEGAL STANDARDS

### A. 28 U.S.C. § 144

Under 28 U.S.C. § 144, when a party files a timely and sufficient affidavit stating facts and reasons for the belief that the judge has a personal bias or prejudice, the judge may not proceed further with respect to the motion, and the matter must be addressed in accordance with the statute.

For purposes of this Motion, the facts alleged in the affidavit are taken as true.

### B. 28 U.S.C. § 455

Under § 455(a), a judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned.

Under § 455(b)(1), disqualification is mandatory where the judge has personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts.

## ARGUMENT

### I. The § 144 Affidavit Is Legally Sufficient

Defendant has filed a sworn affidavit setting forth specific, non-conclusory facts establishing a reasonable belief that Judge Reyes harbors personal bias and prejudice.

As detailed in the affidavit, Defendant alleges, among other things:

1. A private, off-record encounter initiated by Judge Reyes in the courthouse holding-cell area while Defendant was in custody and without counsel present;

2. Intimidating and prejudging statements, including calling Defendant a "menace to society" and stating that Defendant would not leave her courtroom a free man;

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

3. Statements made in open court asserting facts not in evidence, later described by the Court as "misspeaking"; and

4. Judge Reyes's personal involvement in disputed facts, followed by her denial of a Rule 17(c) subpoena seeking evidence of her own conduct.

Taken as true, these allegations are sufficient under § 144 to require disqualification.

## II. Recusal Is Independently Required Under 28 U.S.C. § 455

Independently of § 144, the conduct described in the affidavit requires recusal under § 455(a) and § 455(b)(1).

A reasonable observer could question the impartiality of a judge who:

1. Engages in off-the-record communication with a represented defendant in custody;

2. Makes statements reflecting prejudgment of the defendant's outcome;

3. Asserts facts in open court unsupported by the evidentiary record; and

4. Rules on a motion seeking evidence of the judge's own disputed conduct, thereby placing the Court in the position of a potential fact witness.

These circumstances create both the appearance of bias and grounds for mandatory disqualification.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that the Court:

1. Grant this Motion to Disqualify and Recuse Judge Ana C. Reyes pursuant to 28 U.S.C. §§ 144 and 455;

2. Refer the matter for appropriate determination consistent with § 144;

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

3. Reassign this case to a different judge; and

4. Grant such other relief as justice requires.

_____

Lissa Dawn Cales Dickerson for Defendant Nahvarj Ellijah Ray Mills,
(Pro Se, for limited purposes only)

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion was served on the United States Attorney's Office by first-class mail on December 16, 2025, addressed to:

U.S. Attorney's Office for the District of Columbia.
555 Fourth Street, NW. Washington, DC 20530

Lissa Dawn Cales Dickerson for Defendant Nahvarj Ellijah Ray Mills

(Pro Se, for limited purposes only)