# UNITED STATES DISTRICT COURT IN THE DISTRICT OF COLUMBIA

# CORRECTED / SUPERSEDING MOTION

UNITED STATES OF AMERICA

v.  **Criminal Case No. 24-cr-332 (ACR)**

NAHVARJ ELLIJAH RAY MILLS, Defendant

## DEFENDANT'S CORRECTED HYBRID / LIMITED PRO SE MOTION FOR RETURN OF PROPERTY

### (SUPERSEDING PRIOR FILING)

### PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)

### AND 18 U.S.C. § 983 (CAFRA)

## LIMITED / HYBRID PRO SE REPRESENTATION STATEMENT

This Corrected Motion supersedes the Rule 41(g) motion previously filed and is submitted to correct omissions and errors identified after filing.

Defendant Nahvarj Ellijah Ray Mills is currently represented by appointed counsel in this criminal matter. This Motion is filed pro se on a limited and discrete basis solely to seek the return of unlawfully retained property pursuant to Federal Rule of Criminal Procedure 41(g) and, in the alternative, 18 U.S.C. § 983.

Counsel of record has not filed a Rule 41(g) motion seeking return of Defendant's seized vehicle despite Defendant's requests. Defendant therefore submits this limited pro se motion solely to preserve statutory and constitutional property rights that cannot be forfeited by inaction.

This filing does NOT seek new appointed counsel. It is submitted on a limited and discrete basis to preserve Defendant's property rights pending resolution of representation matters.

Defendant is unable to write or sign due to a traumatic brain injury (TBI). This Motion is submitted by Defendant's authorized signatory at his express direction.

**RECEIVED**

DEC 18 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT IN THE DISTRICT OF COLUMBIA

## INTRODUCTION

Defendant Nahvarj Ellijah Ray Mills respectfully moves this Court for an Order directing the United States to immediately return his seized motor vehicle pursuant to Federal Rule of Criminal Procedure 41(g) and, in the alternative, 18 U.S.C. § 983.

Defendant's vehicle was seized on February 7, 2024 pursuant to a search warrant authorizing only a search for firearms, ammunition, and gunshot residue ("GSR"). No such items were recovered. The vehicle was never charged as forfeitable, never identified in the Superseding Indictment, no forfeiture notice was pled, and no forfeiture order has ever been entered.

The vehicle is not contraband, is no longer needed as evidence, and is not subject to forfeiture under any charged offense. The Government therefore lacks any lawful basis to continue retaining it. Continued retention violates Federal Rule of Criminal Procedure 41(g) and the Due Process Clause of the Fifth Amendment.

## STATEMENT OF FACTS

1. On February 7, 2024, Defendant was arrested and his personal motor vehicle—a 2014 BMW M6, VIN WBSLX9C56ED160560—was taken pursuant to a search warrant.

2. The search warrant authorized law enforcement only to search the vehicle for firearms, ammunition, and gunshot residue. It did not authorize forfeiture or continued seizure.

3. No firearms, ammunition, or gunshot residue were recovered from Defendant's vehicle.

4. At the time of the search, agents advised Defendant that the vehicle would be returned within approximately seven (7) days.

5. The continued retention of the 2014 BMW M6 is unlawful because the vehicle is not listed in the Superseding Indictment, is not subject to forfeiture under any charged offense, and is no longer needed as evidence.

6. On October 3, 2024, the Government filed a Superseding Indictment. Although the indictment includes a general forfeiture notice, it fails to identify or describe any specific property. Nowhere in the Superseding Indictment—including the forfeiture section—is a 2014 BMW M6, or any motor vehicle by make, model, or VIN, named, listed, or alleged as contraband, proceeds, or facilitating property. Federal Rule of Criminal Procedure 32.2(a) requires notice of the specific property the Government seeks to forfeit, and failure to plead forfeiture in the indictment bars forfeiture as a matter of law. See United States v. Pease, 331 F.3d 809, 812–13 (11th Cir. 2003).

7. None of the offenses charged in the Superseding Indictment authorize forfeiture or continued seizure of a privately owned motor vehicle. The Superseding Indictment does not allege that Defendant's 2014 BMW M6 was contraband, proceeds, or an instrumentality of any offense, nor does it plead that the vehicle was used in a manner having a substantial connection to any charged crime. Federal forfeiture is strictly

statutory and requires that property be substantially connected to the offense. See 18 U.S.C. § 983(c)(3); United States v. Chandler, 36 F.3d 358, 365 (4th Cir. 1994). Mere incidental or fortuitous use of a vehicle is insufficient to support forfeiture. See United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990).

8. The forfeiture allegations contained in the Superseding Indictment are expressly limited to firearms, ammunition, and related items only. No motor vehicle is identified anywhere in the indictment as subject to forfeiture.

9. Defendant was acquitted of the Assault With Intent to Kill charge and the interstate offense the Government attempted to associate with alleged vehicle use.

10. After trial, the Government asserted for the first time that it was retaining Defendant's vehicle because Defendant allegedly "used it to stalk" the alleged victim or "used it to meet a co-defendant to plan crimes." These assertions were not charged, were not pled as forfeiture allegations, were not submitted to the jury, and were never adjudicated as a basis for forfeiture.

11. No preliminary or final forfeiture order has ever been entered authorizing retention of Defendant's motor vehicle.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 41(g) permits a person aggrieved by the deprivation of property to move for its return. When the Government no longer needs the property as evidence and the property is not contraband or subject to forfeiture, the Court must order its return.

## FORFEITURE ALLEGATIONS

The Superseding Indictment includes a forfeiture notice seeking forfeiture only of (1) firearms and ammunition pursuant to 18 U.S.C. § 924(d), and (2) property or money allegedly derived from or used to facilitate certain offenses pursuant to 21 U.S.C. § 853(a) and 28 U.S.C. § 2461(c). The Superseding Indictment contains no allegation, paragraph, description, or forfeiture designation identifying or referencing a 2014 BMW M6, VIN WBSLX9C56ED160560, as contraband, facilitating property, or property subject to forfeiture. Accordingly, the BMW was not lawfully seized under the Indictment.

# UNITED STATES DISTRICT COURT IN THE DISTRICT OF COLUMBIA

## ARGUMENT

### I. THE SEARCH WARRANT DID NOT AUTHORIZE CONTINUED RETENTION

The search warrant authorized only a limited search. Once that search was completed and no contraband was found, the Government's authority ended.

### II. NO CHARGED OFFENSE AUTHORIZES VEHICLE FORFEITURE

Federal forfeiture is strictly statutory. None of the charged offenses authorize forfeiture of a privately owned motor vehicle, and the Government failed to plead forfeiture as required by Federal Rule of Criminal Procedure 32.2(a).

### III. THE VEHICLE WAS NOT AN INSTRUMENTALITY OF ANY OFFENSE

Forfeiture requires a substantial connection between the property and the offense. 18 U.S.C. § 983(c)(3). Mere travel or incidental use is legally insufficient.

### IV. POST-HOC JUSTIFICATIONS CANNOT SUPPLY FORFEITURE AUTHORITY

Allegations raised only after trial cannot substitute for statutory forfeiture authority, proper pleading under Rule 32.2, or a valid forfeiture order. Absent statutory authority, pleading, and an order of forfeiture, continued retention violates Rule 41(g) and due process.

### V. CAFRA NOTICE VIOLATIONS REQUIRE RETURN

No CAFRA notice was provided to Defendant or the known lienholder, Capital One Bank, in violation of 18 U.S.C. § 983. These violations independently require return of the vehicle.

### VI. RULE 41(g) MANDATES RETURN

Defendant has a lawful possessory interest in the vehicle. The Government has no evidentiary need, no forfeiture authority, and no valid order authorizing continued retention.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that the Court:

A. Order the immediate return of Defendant's motor vehicle, a 2014 BMW M6, VIN ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

B. Direct the Government to release the vehicle without condition or delay; and

C. Grant such other relief as the Court deems just and proper.

# UNITED STATES DISTRICT COURT IN THE DISTRICT OF COLUMBIA

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 18, 2025

*[signature]*

Lissa Dawn Cales Dickerson

Authorized Signatory for Defendant Nahvarj Ellijah Ray Mills, (Hybrid / Limited Pro Se Filing)

Defendant is unable to write or sign due to a traumatic brain injury (TBI).

## CERTIFICATE OF SERVICE

I certify that a copy of this 41g Motion was served on the United States Attorney's Office for the District of Columbia by first-class U.S. mail on December 18, 2025, to:

United States Attorney's Office for the District of Columbia

555 Fourth Street, NW ~ Washington, DC 20530

*[signature]*

Lissa Dawn Cales Dickerson,  On behalf of Defendant Nahvarj Ellijah Ray Mills

Defendant is unable to write or sign due to a traumatic brain injury (TBI).